IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| KUTITE, LLC, and MOHAMMED Z. KUTITE, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:13-cv-02106-JTF-cgc |
| EXCELL PETROLEUM, LLC, MAJORS MANAGEMENT, LLC, and EAST SHELBY DRIVE 3796 CENTER, LLC, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

Before the Court is Defendants' Excell Petroleum, LLC, Majors Management, LLC, and East Shelby Drive 3796 Center, LLC Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), 28 U.S.C. § 1406(a), and the doctrine of *forum non conveniens*, filed on February 22, 2013. (D.E. #4). On March 22, 2013, Plaintiffs' Kutite, LLC and Mohammed Z. Kutite filed their Response in Opposition to Defendants' Motion to Dismiss. (D.E. #6). Defendants' filed their Reply to Plaintiff's Response on April 2, 2013. (D.E. #7). On June 17, 2013, Defendants' Motion was referred to the Magistrate for Report and Recommendation. (D.E. #8). The Magistrate entered her Report and Recommendation, recommending that Defendants' Motion to Dismiss should be denied, on August 20, 2013. (D.E. #9). Defendants filed their Objections to the Magistrate's Report and Recommendation on September 3, 2013. (D.E. #10). After reviewing the Magistrate's Report and Recommendation, Defendants' Objections, and the entire record, this Court finds that the Objections should be overruled and the Magistrate's Report and

1

Recommendation should be adopted. Thus, Defendants' Motion to Dismiss Complaint is DENIED.

## I. LEGAL STANDARD

A district judge has the discretion to refer dispositive matters to a magistrate judge to conduct a hearing and propose findings of fact and recommendations. 28 U.S.C. § 636(b)(1)(B) ("[A] judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by the judge of court, of any motion excepted in subparagraph (A) [for which a motion for summary judgment, judgment on the pleadings, motion to dismiss, etc. are included]"). The district court judge has the authority to review the magistrate judge's proposed findings of fact and recommendations under a *de novo* determination. *See* 28 U.S.C. § 636(b)(1)(C); *See e.g. Baker v. Peterson*, 67 Fed.App'x. 308, 311, 2003 WL 21321184 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."); *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980) (quoting *Matthews v. Weber*, 423 U.S. 261, 275 (1976) ("in providing for a '*de novo* determination' Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")

## I. ANALYSIS

The Magistrate recommended that: (1) Absent a valid contract, Defendants' Motion to Dismiss, pursuant to 12(b)(6) and the forum selection clause, should be denied because there is no valid forum selection clause governing the appropriate venue for this case; (2) Without an appropriate alternative forum available, both private and public factors weighing in favor of the

2

Western District as the appropriate forum, and without a choice of law provision that mandates that Georgia law govern the issues in this case, Defendants' Motion, pursuant to the doctrine of *forum non conveniens* should be denied; (3) Because Defendants do not assert that this case should have been brought in another federal district or division, Defendants' dismissal, pursuant to 28 U.S.C. § 1406(a), has been inappropriately raised before this Court.

Defendants filed their Objections to the Magistrate's Report and Recommendation on September 3, 2013. (D.E. # 10). Defendants argue that the Magistrate erred in recommending that the Georgia forum selection clause should not be enforced. Defendants argue that although the Magistrate found that no valid contract exists between the parties, the Magistrate should have found that a contractual relationship exists between the parties. Defendants assert that because a contractual relationship, evident from the various business transactions, exists between the parties, the forum selection clause does govern the venue of this case. Defendants look to the court's ruling in *Tritt v. Category 5 Records, LLC*, 570 F.Supp.2d 977, 980 (M.D. Tenn. 2008) to bolster their argument: "'[W]hen an action arises from a contract or contractual relationship between two parties, the choice of forum clause in that contract governs." However, in order to determine whether a contract or contractual relationship has been formed, this Court must look to state law. Thus, this Court is compelled to accept the Magistrate's analysis, based upon Georgia law, that no valid contract exists between the parties.

Last, Defendants aver that, if this Court adopts the Magistrate's Report and Recommendation, then all of Plaintiffs' causes of action related to contract theories should be dismissed for failure to state a claim upon which relief should be granted. Although Defendants raise an appealing argument, Defendants' objection is more appropriately addressed in a motion

for summary judgment rather than in a motion to dismiss.  Therefore, Defendants' objection is overruled as premature.

The Court has reviewed the Magistrate Judge's Report and Recommendation, the Magistrate's legal analysis, the parties' arguments, and the entire record.  Accordingly, for the reasons set forth above, this Court ADOPTS the Magistrate's Report and Recommendation.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is DENIED.

IT IS SO ORDERED this 8th day of October, 2013.

BY THIS COURT:


*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge